# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MICHAEL S. PITTMAN,

      Petitioner,

v.                                     Civ. No. 16-1171 JAP/SCY

R.C. SMITH, et al.,

      Respondents.

## <u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

**THIS MATTER** is before the Court on Petitioner Michael S. Pittman's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus, filed October 24, 2016. Doc. 1. The Honorable James Parker, Senior United States District Judge, referred this matter to me for entry of proposed findings and a recommended disposition (PFRD). Doc. 15. Upon review of Petitioner's claims, I recommend denying the Petition. Further, because Petitioner's claims can be resolved on the record, I conclude that an evidentiary hearing is unnecessary. *Rules Governing Habeas Corpus Under Section 2254*, Rule 8(a).

## I.      Background

On October 8, 2010, a jury found Petitioner guilty of one count of third degree manslaughter and one count of fourth degree tampering with evidence. Doc. 13-1 at 1, 65. During trial, Petitioner pled no contest to one count of fourth degree possession of a firearm by a felon. (Doc. 13-1 at 5).  On October 15, 2010, the state filed a supplemental criminal information alleging that Petitioner had been convicted of two prior felony offenses for purposes of habitual offender enhancements. Doc. 13-1 at 10.  The state amended the supplemental criminal information ten days later on October 25, 2010, to reflect that one of Petitioner's prior felonies

was conspiracy to commit armed robbery, as opposed to armed robbery, as initially alleged. Doc. 13-1 at 12.

On October 25, 2010, the trial court sentenced Petitioner. Doc. 13-1 at 1. Pursuant to the Judgment, Order, and Commitment to the Corrections Department filed on November 9, 2010, for the voluntary manslaughter conviction Petitioner received 6 years imprisonment, enhanced by four years pursuant to the habitual-offender statute and an additional one year pursuant to the firearm-enhancement statute, as well as two years of parole. Doc. 13-1 at 2. For the tampering with evidence conviction, Petitioner received eighteen months imprisonment, enhanced by four years pursuant to the habitual-offender statute. Doc. 13-1 at 2. Finally, for the felon in possession conviction, Petitioner received eighteen months imprisonment, enhanced by one year pursuant to the firearm enhancement statute. Doc. 13-1 at 2. The Judgment, Order, and Commitment to the Corrections Department was later amended on October 3, 2012, to reflect that the enhancement for the felon in possession conviction was not under the firearm enhancement statute but instead the habitual offender statute. Doc. 13-2 at 17. The trial court ordered Petitioner to serve his sentences consecutively. Accordingly, Petitioner's sentence amounted to nineteen years imprisonment followed by a two-year term of parole. 13-1 at 3, 7.[1]

## II.     Petitioner's Claims

Petitioner raises the following grounds for relief in his Petition:

1. Petitioner claims that the habitual offender enhancements are impermissibly used and/or stacked on his three convictions and are run consecutively. Doc. 1 at 6.

---

[1] Because the state either does not dispute that Petitioner exhausted available state-court remedies or expressly waives any such challenge to the exhaustion requirement (Doc. 13 at 5-6), the Court will not recite the procedural history regarding the various state court post-conviction proceedings. *See* 28 U.S.C. § 2254(c) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.").

2. Petitioner claims that the department of corrections is impermissibly requiring that he complete 85% of the habitual and firearm enhancements because they are attached to the voluntary manslaughter charge. Doc. 1 at 7.

3. Petitioner claims that his due process rights were violated because (a) the state filed the supplemental criminal information without notice after he was found guilty and (b) the trial denied motions for directed verdict due to the lack of substantial evidence of deliberate intent. Doc. 1 at 9.

## III.    Standard of Review

Petitioner's claims are governed by the standards of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19 (2013). Under the AEDPA, the Court may grant habeas relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d)(1) and (2). A state court decision is contrary to clearly established federal law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from that precedent." *Ryder ex rel. Ryder v. Warrior*, 810 F.3d 724, 739 (10th Cir. 2016) (internal quotation marks omitted). "A state court decision is un 'unreasonable application' of Supreme Court precedent if the decision 'correctly identifies that governing legal rule but applies it unreasonably to the facts of a particular prisoner's case.'" *Fairchild v.*

*Trammell*, 784 F.3d 702, 711 (10th Cir. 2015) (*quoting Williams v. Taylor*, 529 U.S. 362, 407-08 (2000)).

Under AEDPA, a state court's findings of fact are "presumed to be correct." 28 U.S.C. § 2254(e)(1). Accordingly, a petitioner challenge to a state court's decision based on an unreasonable determination of the facts in light of the evidence presented must show by clear and convincing evidence that the determination was factually erroneous. *See Miller-el v. Dretke*, 545 U.S. 231, 240 (2005).

Finally, because Petitioner is proceeding pro se, the Court must construe his pleadings liberally. *Garrett v. Selby, Connor, Maddux, & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). This requirement, however, does not require the Court to make arguments on his behalf or excuse compliance with procedural rules. *Id.*

## IV.  Analysis

### A.  The Application of Sentence Enhancements

In his first claim, the Court understands Petitioner's argument to be that he improperly received habitual offender enhancements on all three of his convictions based on the same prior convictions and that he was sentenced to serve these enhancements consecutively.

The Court is unsure of the legal framework under which Petitioner is asserting this claim. The Court presumes that Petitioner is contending that the use of the enhancements violated the Double Jeopardy Clause. The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *See United States v. Dixon*, 509 U.S. 688, 695-96. Broadly speaking, of these three provisions, the third is the only conceivable avenue from which Petitioner could root his claim. Historically, however, the United States

4

Supreme Court has "found double jeopardy protections inapplicable to sentencing proceedings because the determinations at issue do not place a defendant in jeopardy for an 'offense.'" *Monge v. California*, 524 U.S. 721, 728 (1994) (internal citation omitted). More specifically, sentence enhancements based on prior convictions are not considered additional punishment for a previous offense but are instead a heightened penalty for the crime of conviction. *Id.* Consistent with *Monge*, the Tenth Circuit has previously stated that "New Mexico's habitual offender statute does not create a new offense, and the proceeding that it mandates is merely a sentencing procedure, not a trial." *Montoya v. State of New Mexico*, 55 F.3d 1496 (10th Cir. 1995). Accordingly, as a general principle, it is not clear that the Double Jeopardy Clause provides Petitioner an avenue of relief.

Even assuming that Petitioner's claim is cognizable under the Double Jeopardy Clause, however, the determination of whether Petitioner's "punishments are multiple in violation of the Double Jeopardy Clause is essentially one of legislative intent." *Dennis v. Poppel*, 222 F.3d 1245, 1251 (10th Cir. 2000). Similarly, the Court affords "wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." *Id.* at 1258. Turning to New Mexico's statutory scheme for habitual offenders, Section 31-18-17(B) provides that an individual's basic sentence for a felony "shall be increased by four years" if the individual has incurred two prior felony convictions. That the statutory scheme permits the enhancement of each felony conviction was confirmed in *State v. Harris*, 1984-NMCA-003, ¶¶ 13-15, 677 P.2d 625, wherein the New Mexico Court of Appeals rejected the argument that it was impermissible to use three prior felonies to enhance each of the defendant's four felony convictions. On the basis of these authorities, I recommend concluding

that Petitioner has failed to establish that the enhancements applied to his three felony convictions were outside statutory limits or otherwise unauthorized by law.

Finally, to the extent Petitioner contends that it was unlawful for the state trial court to order that he serve these sentences consecutively, this issue is not a cognizable issue for review in a federal habeas corpus proceeding. *See Dennis*, 222 F.3d at 1251; *State v. Allen*, 2000-NMSC-002, ¶ 91, 994 P.2d 728, "[W]hether multiple sentences for multiple offenses run concurrently or consecutively is a matter resting in the sound discretion of the trial court."); *State v. Triggs*, 2012-NMCA-068, ¶ 21, 281 P.3d 1256 (holding that the district court has discretion to run habitual offender enhancements concurrently or consecutively).

### B.  Requirement to Serve 85% of His Sentence Under Count I

Petitioner claims that Department of Corrections is impermissibly requiring him to serve 85% of the sentence enhancements added onto his voluntary manslaughter sentence. In essence, Petitioner is challenging the fact that he is not entitled to earn full meritorious deductions to his sentence. As an initial matter, it is plausible to construe this argument as a claim under 28 U.S.C. § 2241 because it appears to be challenging the manner in which his sentence is being executed. However, it is also an attack on his judgment and sentence because the state trial court found that the offense was classified as a "serious violent offense" and therefore ordered that his meritorious deductions "shall not exceed a maximum of four (4) days per month of time served." Doc. 13-1 at 6. However, regardless of whether his argument is classified as a § 2241 or §2254 claim, I recommend concluding that this claim is not cognizable under federal habeas review because it merely raises a question of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *LaVoy v. Snedeker*, Civ. No. 03-765, 2004 WL 3778602, *4 (D.N.M. March 9,

2004) (concluding that the petitioner failed to raise a cognizable claim in habeas relating to the calculation of his good time credits).

Nevertheless, the Court notes that under NMSA 1978, § 33-3-34(A)(1), a person convicted of committing a serious violent offense is required to serve 85% of his sentence. *See also State v. Andazola*, 2003-NMCA-146, ¶ 25, 82 P.3d 77. The statute defines voluntary manslaughter as a "serious violent offense."  § 33-2-34(L)(4)(b).  The statute does not distinguish between those portions of the sentence increased pursuant to a habitual offender enhancement. *LaVoy*, 2004 WL 3778602 at *4 ("On their face…good time credits are applied to the entire sentence.").  Accordingly, I recommend concluding that Petitioner has failed to establish that this sentence is "outside statutory limits or unauthorized by law." *Dennis*, 222 F.3d at 1251.

### C.   Due Process Claims

In Count III, Petitioner raises two claims. First, Petitioner contends that his due process rights were violated because the State filed the supplemental criminal information seeking habitual offender enhancements to his sentence after he was found guilty. Doc. 1 at 9. Second, Petitioner contends that his due process rights were violated when the state trial court denied his motions for directed verdict due to the lack of substantial evidence of deliberate intent. Doc. 1 at 9.   I will address these in turn.

#### i.      Supplemental Criminal Information

The Court understands Petitioner's contention to be that his due process rights were violated because the state filed the supplemental criminal information seeking habitual offender enhancements after his conviction. As the Tenth Circuit has stated, procedural due process requires reasonable notice and an opportunity to be heard regarding enhancements based on prior

convictions. *United States v. Garcia*, 188 Fed. App'x 706, 709 (10th Cir. 2006). Contrary to

Petitioner's argument, however, due process does not require pre-trial notice of the possibility of

enhanced sentencing for recidivism. *See U.S. v. Martinez*, 30 Fed. App'x 900, 908 (10th Cir

2002). Petitioner received notice that the state would pursue habitual offender enhancements five

days after his convictions. Petitioner was then afforded ten days to prepare for the sentencing

hearing and be heard regarding the validity of the prior convictions. There is nothing in the

record indicating that Petitioner challenged the validity of the prior convictions. Accordingly, I

recommend concluding that no due process violation occurred. *See State v. Salas*, 2017-NMCA-

057, ¶ 56, 400 P.3d 251 (finding no due process violation where supplemental criminal

information seeking sentence enhancements was filed four days after the defendant's

conviction).

ii.     *Denial of Motions for Directed Verdict*

Defendants argument on this point is that the state trial court violated his due process

rights by denying his motions for directed verdict due to the lack of substantial evidence of

deliberate intent. I recommend denying this claim because deliberate intent was not an element

of Petitioner's conviction for voluntary manslaughter but was instead an element for first-degree

murder. *Compare* UJI 14-201 NMRA (providing that one element be that the "killing was with

the deliberate intention to take away the life of" the victim") *with* UJI 14-220 NMRA (providing

that the "defendant knew that his acts created a strong possibility of death or great bodily harm

to" the victim); *see also* Doc. 13-1 at 31 (jury instruction for first degree murder); Doc. 13-1 at

35 (jury instruction for voluntary manslaughter). Thus, even if it is assumed that the trial court

erred in denying his motions for directed verdict due to a lack of sufficient evidence of deliberate

intent, Petitioner cannot establish that he has suffered any prejudice because the jury found as much in not convicting him of first-degree murder.

## V. CONCLUSION

Based on the foregoing reasons, I recommend denying Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1).

UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**